**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0143-17T1

GLADYS MUNIVE,

    Plaintiff-Appellant,

v.

PASSAIC COUNTY BOARD
OF SOCIAL SERVICES,

    Defendant-Respondent.

_____

Argued February 13, 2019 – Decided April 29, 2019

Before Judges Koblitz, Currier, and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3805-11.

Timothy J. McIlwain argued the cause for appellant.

Albert C. Buglione argued the cause for respondent (Buglione, Hutton & Deyoe, LLC, attorneys; Albert C. Buglione, of counsel; Chryzanta K. Hentisz, on the brief).

PER CURIAM

Plaintiff Gladys Munive appeals from the denial of her motion for a new trial after a jury rendered a verdict in favor of her former employer, defendant Passaic County Board of Social Services (Board). After a review of the contentions in light of the record and applicable legal principles, we affirm.

In her complaint, plaintiff alleged the Board violated the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -42, when it denied her a reasonable accommodation for her "handicapped arthritic hand and wrist condition" and her "increased susceptibility to infection," resulting from a prescribed medication.[1]

Following the close of testimony, the trial judge discussed the proposed jury charge with counsel. The three days of transcripts[2] provided by plaintiff in this appeal do not include any objections by plaintiff to the proposed charge. It

---

[1] Plaintiff also asserted the Board violated the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -8. That claim was dismissed following a bench trial.

[2] The judge references the matter as an eight-week jury trial. Elsewhere in the record it states there were eleven days of trial. We were only provided transcripts of defense counsel's closing argument, the jury charge, and the verdict, as well as the motion for a new trial argument that took place several months after the verdict.

does appear plaintiff objected to the proposed verdict sheet, although we do not have the complete colloquy.

Defense counsel's closing argument spanned over two days. During the summation, counsel referred to a witness[3] as a "[s]uper [l]awyer" and stated "plaintiff's case is smoke and mirrors" and "a mushroom cloud." Plaintiff's counsel did not object to these comments. However, after defense counsel finished the first part of his argument and the jury was dismissed for the day, plaintiff's counsel told the trial court: "I don't like to object even when it's very objectionable. There were so many things [in defendant's closing] that were improper . . . I don't want to bore Your Honor. . . . I'll leave it to Your Honor." The trial court responded, "I really truly appreciate that you didn't object. But when you don't object . . . I can't get involved." The judge continued, stating there were some improprieties in the summation that he would address with the jury during his charge.

---

[3] The attorney-witness was admitted as an expert in "civil service law."

A-0143-17T1

In his jury charge, the judge followed New Jersey Model Jury Charge 2.26,[4] which advises the jury of the five elements plaintiff must satisfy to prove her LAD claim:

> First, plaintiff must prove that she had a disability. Second, plaintiff must prove that she was able to perform all of the essential functions of her job either with or without a reasonable accommodation. Third, plaintiff must prove that . . . defendant was aware of her need for a reasonable accommodation. Fourth, plaintiff must prove that there was an accommodation that would have allowed her to perform the essential functions of her job; and fifth, the plaintiff must prove that . . . defendant denied her accommodation.

The judge subsequently reviewed the verdict sheet with the jury, stating it was created "working with the attorneys." For the ease of the reader, we have reproduced the verdict sheet.

> A. Has . . . Plaintiff proven the following five (5) elements?
>
> 1. That she had a disability?
>
> Yes __✓__ No_____ Vote <u>6-0</u>
>
> 2. That she was able to perform all of the essential functions of her job, either with or without a reasonable accommodation?
>
> Yes_____ No __✓__ Vote <u>5-1</u>

---

[4] Model Jury Charges (Civil), 2.26, "Failure To Accommodate Employee With Disability Under The New Jersey Law Against Discrimination" (rev. Feb. 2018).

A-0143-17T1

3. That . . . Defendant was aware of . . . Plaintiff's need for a reasonable accommodation?

Yes_____No_____Vote _____

4. That there was an accommodation that would have allowed . . . Plaintiff to perform the essential functions of her job?

Yes_____No_____Vote _____

5. That . . . Defendant denied . . . Plaintiff her accommodation?

Yes_____No_____Vote _____

NOTE: If you answered any of the above five (5) questions "no," you must stop deliberating [and] return your verdict.

If you have answered all of the above five (5) questions "yes," then proceed to question B related to damages.

In returning its verdict, the jury answered "yes" to question one and "no" to question two. The jury then properly ended its deliberations, rendering a verdict in favor of defendant. After dismissal of the jury, plaintiff moved for a directed verdict, reasserting his objection to the verdict sheet. The judge advised counsel to file a motion for a new trial with briefs.

5

In the subsequent motion for a new trial, plaintiff again argued the second question on the verdict sheet was "a problem."[5] The trial court denied plaintiff's motion, concluding "there was ample evidence to support [the] decision that the jury made" and "a significant amount of evidence to support the jury's decision to answer question number two, no." The judge referenced the "significant amount of discussion back and forth between the parties as to whether or not [plaintiff] was disabled and even able to perform her job with or without an accommodation."

On appeal, plaintiff argues the second question on the verdict sheet was "unclear and substantially prejudicial," requiring a new trial. For the first time, she also contends the trial court should have ruled on her counsel's motion for a directed verdict, and the court did not instruct the jury sufficiently to erase the prejudicial comments made by defense counsel in his closing argument.

Proper jury charges are essential to a fair trial; thus, the failure to provide clear and correct jury charges may constitute plain error. See Reynolds v. Gonzalez, 172 N.J. 266, 288 (2002); see also Das v. Thani, 171 N.J. 518, 527 (2002). We also apply the plain error standard "when evaluating the adequacy

_____

[5] Plaintiff did not raise any other issues during oral argument in support of her application for a new trial.

A-0143-17T1

of a jury's . . . verdict sheet." Wade v. Kessler Inst., 172 N.J. 327, 341 (2002). However, we "will not disturb a jury's verdict based on a trial court's instructional error 'where the charge, considered as a whole, adequately conveys the law and is unlikely to confuse or mislead the jury, even though part of the charge, standing alone, might be incorrect.'" Ibid. (quoting Fischer v. Canario, 143 N.J. 235, 254 (1996)).

Here, the trial court properly used Model Jury Charge 2.26 to instruct the jury on the proofs required of plaintiff to sustain her cause of action. The verdict sheet tracked the language of the model jury charge and required the jury to determine whether plaintiff met her proofs on the five elements necessary to support her LAD claim.

The second element in Model Jury Charge 2.26 requires a plaintiff to prove that she "was able to perform all of the essential functions of [her] job, either with or without a reasonable accommodation." Model Jury Charges (Civil), 2.26 at 1. Plaintiff must "demonstrate that . . . she . . . was performing those essential functions, either with or without a reasonable accommodation." Victor v. State, 203 N.J. 383, 410 (2010). Therefore, the language in Model Jury Charge 2.26 is consistent with the Supreme Court's determination of the second element of an LAD disability claim. Because the trial court utilized

Model Jury Charge 2.26 in creating the verdict sheet, it provided the jury with a charge and verdict sheet that was an "understandable and clear exposition" of the applicable law and "unlikely to confuse or mislead." Mogull v. CB Commercial Real Estate Grp., 162 N.J. 449, 464 (2000). See also Estate of Kotsovska, ex rel. Kotsovska v. Liebman, 221 N.J. 568, 596 (2015) (noting there is a "presumption of propriety that attaches to a trial court's reliance on the model jury charge"). To overturn a verdict, a plaintiff must "clearly and convincingly" establish the jury's verdict was a "miscarriage of justice." Cuevas v. Wentworth Grp., 226 N.J. 480, 501 (2016) (quoting Baxter v. Fairmont Food Co., 74 N.J. 588, 596 (1977)). The second question in the verdict sheet asked whether plaintiff proved she was able to perform all of the essential functions of her job either with or without a reasonable accommodation. In answering "no," the jury found plaintiff could not perform all the essential functions of her job even with a reasonable accommodation.

The trial judge found the jury's verdict was supported by the credible evidence. The jury heard testimony that plaintiff completed a form for defendant supporting her request for a medical leave, in which she stated she was "unable to perform all essential functions required by [her] employer."

Additionally, plaintiff's supervisor testified that defendant accommodated plaintiff's disabilities by permitting her to wear a mask to prevent infection and by giving her a special mouse for her arthritis. Despite these accommodations, plaintiff still claimed that she was unable to perform all essential functions required of her position. We discern no error in the judge's conclusion that "significant" evidence supported the jury's verdict. We, therefore, decline to reverse the trial court's denial of plaintiff's motion for a new trial as plaintiff has not shown "a miscarriage of justice under the law." R. 2:10-1; R. 4:49-1(a).

Although not raised in the motion for a new trial, plaintiff asserts two additional arguments on appeal. She contends a new trial should be granted "based on the highly prejudicial closing statement that [d]efendant's counsel made[,]" specifically referring to the comments that defendant's witness was "a super lawyer" and plaintiff's case was "smoke and mirrors." Plaintiff's counsel did not object during the course of defendant's summation. Fertile v. St. Michael's Med. Ctr., 169 N.J. 481, 495 (2001) ("[W]hen a lawyer observes an adversary's summation, and concludes that the gist of the evidence has been unfairly characterized, an objection will be advanced."). Instead, he stated to the judge after the completion of the argument that he did not like to object "even when it's very objectionable" and he found "so many things that were

A-0143-17T1

objectionable." Counsel did not identify any specific statements made by defense counsel that were improper. In response to this colloquy, the judge advised he would address it with the jury in his charge.

Although counsel are afforded broad latitude in summation, defendant's references to his own witness as a "super lawyer" and plaintiff's case as "smoke and mirrors" are improper comments. They are not "confined to the facts shown or reasonably suggested by the evidence introduced during the course of trial." Colucci v. Oppenheim, 326 N.J. Super. 166, 177 (App. Div. 1999). We are satisfied, however, that these fleeting comments made in a lengthy summation were not "capable of producing an unjust result." R. 2:10-2.

Furthermore, the judge instructed the jury:

> The lawyers are here as advocates for their clients. In their opening statement and in their closing arguments, they have given you their views of the evidence and their arguments in favor of their client's positions.
>
> While you may consider their comments, nothing that the attorneys say is evidence and their comments are not binding upon you. That means you can accept or reject their arguments. Any comments that the lawyers made are argument. They're not sworn. They're not witnesses.
>
> . . . .

The lawyers are advocates for their clients yet adversarial to each other. And sometimes lawyers may say things in the heat of the battle that the jury shouldn't really rely upon. . . . [f]or example[,] when the lawyers make comments, and it doesn't necessarily relate to the evidence, you can disregard those comments and let me just give you an example each way.

. . . .

But when a lawyer says, you know, they're engaging in [smoke and mirrors] or they're lying to you, those are comments that are part of the adversarial process. But you're to disregard them because they're really not part of the evidence in the case.

The judge's instructions served to address plaintiff's concerns and guide the jury in the weight to attribute, if any, to counsels' presentations.

We briefly address plaintiff's contention that the court erred in not considering her motion for a directed verdict. A motion for judgment under Rule 4:40-1 must be made "either at the close of all the evidence or at the close of the evidence offered by an opponent." If a motion for judgment is not made during trial, then the party may not subsequently move for a directed verdict. R. 4:40-2; Velazquez v. Jiminez, 336 N.J. Super. 10, 33 (App. Div. 2000); Sun Source, Inc. v. Kuczkir, 260 N.J. Super. 256, 266 (App. Div. 1992).

11

Plaintiff did not present a motion for judgment at any time during the trial. Therefore, her request for a directed verdict after hearing the jury's verdict was untimely and improper.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0143-17T1